UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| | ) | |
| v. | ) | Criminal No. 24-CR-10191-FDS |
| | ) | |
| RAFAEL EMILIO CRUZ CIPRIAN, | ) | |
| a/k/a "Bellaco, | ) | |
| Defendant. | ) | |

**PRELIMINARY ORDER OF FORFEITURE**

**SAYLOR, S.J.**

WHEREAS, on July 2, 2024, a federal grand jury sitting in the District of Massachusetts

returned an Indictment charging defendant Rafael Emilio Cruz Ciprian (the "Defendant"), with

Distribution of and Possession with Intent to Distribute 50 Grams or More f Methamphetamine,

in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(viii) (Count One and Two);

WHEREAS, the Indictment also included a forfeiture allegation, pursuant to 21 U.S.C. §

853, which provided notice that the United States intended to seek the forfeiture, upon conviction

of the Defendant of any offense alleged in Counts One through Four of the Indictment, of any

property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of

such offense; and any property used, or intended to be used, in any manner or part, to commit, or

to facilitate the commission of, such offense.   Such property specifically included, without

limitation:

        (a)     Cartier watch seized on June 6, 2024 from a residence in Lawrence, MA
                    (the "Property");

        (b)     $3,206.00 U.S. currency seized on June 6, 2024 from a residence in

1

Lawrence, MA;[1]  and

(c)     Gold Bracelet seized on June 6, 2024 from a residence in Lawrence, MA.;[2]

WHEREAS, the Indictment further provided that, if any of the above-described forfeitable property, as a result of any act or omission by the Defendant, (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be divided without difficulty, the United States is entitled to seek forfeiture of any other property of the Defendant, up to the value of such assets described in the paragraph above, pursuant to 21 U.S.C. § 853(p);

WHEREAS, on December 16, 2025, at a hearing pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the Defendant pled guilty to Counts One and Two of the Indictment, pursuant to a written plea agreement that he signed on December 12, 2025;

2.     WHEREAS, during the hearing, the United States gave a recitation of the facts, referenced the Property being forfeited, and how the Property being forfeited constituted, or was derived from, any proceeds obtained, directly or indirectly, as a result of such offenses; and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the offenses as charged in Counts One and Two of the Indictment.   The Defendant did not object.   The Defendant therefore consented to the forfeiture of all of his

---

[1] This asset was administratively forfeited by the Drug Enforcement Administration pursuant to 21 U.S.C. § 881 on April 24, 2025. *See* Docket [#.]

[2] This asset was administratively forfeited by the Drug Enforcement Administration pursuant to 21 U.S.C. § 881 on April 16, 2025. *Id.*

2

interests in the Property;

WHEREAS, in light of the Defendant's guilty plea and admissions in the plea agreement, the United States has established the requisite nexus between the Property and the offenses to which the Defendant pled guilty, and accordingly, the Property is subject to forfeiture to the United States pursuant to 21 U.S.C. § 853;

WHEREAS, pursuant to 21 U.S.C. § 853 and Rule 32.2(b)(2) of the Federal Rules of Criminal Procedure, the United States is now entitled to a Preliminary Order of Forfeiture against the Property.

ACCORDINGLY, it is hereby ORDERED, ADJUDGED, AND DECREED that:

1.      The Court finds, pursuant to Rule 32.2(b)(1) of the Federal Rules of Criminal Procedure, that the United States has established the requisite nexus between the Property and the offenses to which the Defendant pled guilty.

2.      The Court shall retain jurisdiction in this case for the purpose of enforcing this Order.

3.      Accordingly, all of Defendant's interests in the Property are hereby forfeited to the United States of America for disposition pursuant to 21 U.S.C. § 853.

4.      Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States is hereby authorized to seize the Property and maintain it in its secure custody and control.

5.      Pursuant to 21 U.S.C. § 853(n)(1), the United States shall publish, for thirty (30) consecutive calendar days on the government forfeiture website www.forfeiture.gov, notice of the Preliminary Order of Forfeiture and notice of the United States' intent to dispose of the

Property.

6.      Pursuant to 21 U.S.C. § 853(n)(1), the United States shall give, to the extent practicable, direct written notice to any person known to have alleged an interest in the Property to be forfeited.

7.      Pursuant to 21 U.S.C. § 853(n)(2) and (3), the notice referred to above shall state: (a) that any person, other than the Defendant, asserting a legal interest in the Property, shall, within sixty (60) days after the first day of publication on the government forfeiture website or within thirty (30) days after receipt of actual notice, whichever is earlier, file a petition with the United States District Court in Boston, Massachusetts, requesting a hearing to adjudicate the validity of his or her interest in the Property; and (b) that the petition shall be signed by the petitioner under the penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the Property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the Property, any additional facts supporting the petitioner's claim, and the relief sought.

8.      Pursuant to 21 U.S.C. § 853(n)(7), following the Court's disposition of all petitions filed under 21 U.S.C. § 853(n)(6), or if no such petitions are filed following the expiration of the period provided in 21 U.S.C. § 853(n)(2) for the filing of such petitions, the United States of America shall have clear title to the Property.

9.      Upon adjudication of all third party interests, this Court will enter a Final Order of Forfeiture, pursuant to 21 U.S.C. § 853 and Rule 32.2(c) of the Federal Rules of Criminal Procedure, in which all interests will be addressed.

10.     Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this

4

Preliminary Order of Forfeiture will become final as to the Defendant at the time of his

sentencing, will be part of the Defendant's criminal sentence, and will be included in the

criminal judgment entered by this Court against him.

 /s/ F. Dennis Saylor IV
**F. DENNIS SAYLOR IV**
United States District Judge

Dated:  5/21/2026

Certified to be a true and
correct copy of the original
Robert M. Farrell, Clerk
U. S. District Court
District of Massachusetts

By: Deborie Cooke
Deputy Clerk

Date: 05/21/2026